**Vivian G. SCHAUER, Plaintiff-Appellant,**

v.

**Richard SCHWEIKER, in his official capacity as Secretary of the United States Department of Health and Human Services, Defendant-Appellee.**

No. 401, Docket 81–6130.

United States Court of Appeals,
Second Circuit.

Argued Dec. 15, 1981.

Decided April 12, 1982.

Ronald R. Benjamin, Binghamton, N. Y., for plaintiff-appellant.

Gregory A. West, Asst. U. S. Atty., Syracuse, N. Y. (George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y., on the brief), for defendant-appellee.

Before TIMBERS, KEARSE and CARDAMONE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Vivian G. Schauer appeals from a judgment of the United States District Court for the Northern District of New York, Neal P. McCurn, *Judge*, affirming a final decision of the Secretary of Health and Human Services (the "Secretary") that denied Schauer's application for disability insurance benefits on the ground that she had not proven disability within the pertinent time period. The appeal raises questions as to the proper allocation of the burden of proof with respect to the disability of a claimant at a time subsequent to a proven disability. Because we conclude that the burden here remained on the claimant to prove the disability during that subsequent time period and that Schauer did not meet that burden, we affirm.

## FACTS

Schauer contends that she has a psychiatric disability that entitles her to disability insurance benefits under the Social Security Act, as amended (the "Act"), 42 U.S.C. §§ 301–1397f (1976) (amended 1977–1981).[1] Her past earnings entitled her to such benefits for any disabling condition that commenced on or before December 31, 1970, but not for such a condition commencing thereafter. On November 14, 1977, Schauer applied for benefits alleging that her psychiatric disability had existed since 1964.

The Social Security Administration ("SSA") denied the application, both initially and on reconsideration. Schauer then requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Schauer had established her disability for the period August 1964 through February 1966. However, he found that, although there was evidence of psychiatric disability after December 1975, Schauer had not proven any disability between February 1966, when her first period of disability ended, and December 1970, when her eligibility for benefits for post-1966 disabilities ended. Accordingly, the ALJ ruled that Schauer was entitled to no benefits for any period after 1966. Schauer appealed the ALJ's decision to the SSA Appeals Council, which upheld the denial of benefits for any period after 1966. In addition, although the Council apparently accepted the ALJ's factual finding that Schauer had been disabled in the 1964–1966 period, it held that Schauer was not entitled to disability benefits for that period because her application had not been filed within three years after the end of her disability, as required by §§ 216(i)(2)(E) and (F) of the Act, 42 U.S.C. §§ 416(i)(2)(E) and (F) (1976). This holding constituted the final decision of the Secretary.

Schauer sought judicial review in the district court under § 205(g) of the Act, 42 U.S.C. § 405(g) (1976) (amended 1980). The district court dismissed the complaint, thereby upholding the Secretary's decision, and this appeal followed.

Schauer does not contend that her disability for the 1964–1966 period, standing alone, would entitle her to an award of benefits; with respect to that period her application was filed nearly nine years late. Nor does she contend that any disability commencing after December 31, 1970, would entitle her to benefits; she did not meet the Act's earnings requirement after that date.

1. The term "disability," as used in the Act, means an

    inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

    which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...

42 U.S.C. § 423(d)(1)(A) (1976).

What Schauer contends is that her application was timely and the earnings requirement was satisfied because her disability began in 1964 and was continuous from 1964 to date. Recognizing that there was very little evidence—and none from doctors having psychiatric expertise—as to her condition during the period 1966 to 1975, Schauer argues that the burden was on the Secretary to show that Schauer's condition changed after the earlier period of disability.[2] She bases this contention on the assumption that she would have been awarded benefits for the disability that began in 1964 if she had applied for them in the 1960's and would still be receiving benefits if the Secretary had not terminated them. Thus, she argues that the present case is the equivalent of a "termination case," i.e., a case in which the Secretary wishes to terminate benefits for a disability that has previously been established, and in which the Secretary bears the burden of proving that the disability has ended. We find Schauer's argument unpersuasive. Her major premise—that the Secretary bears the burden in a termination case—may well be unfounded. And her minor premise—that the Secretary should also bear such a burden where the claimant has never proven a continuing disability—is unsound.

### DISCUSSION

The concept of "burden of proof" is particularly elusive in cases involving social security benefits. In part its elusiveness stems from the fact that proceedings for determination of a claimant's entitlement to benefits are not designed to be adversarial; the Secretary is not represented by counsel before the ALJ, and if the claimant is not represented by counsel the ALJ has an obligation " 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts . . . .' " *Hanker-*

*son v. Harris,* 636 F.2d 893, 895 (2d Cir. 1980) (quoting *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2d Cir. 1972)). In addition, the concept of *burden* of proof is difficult to define because the required *quantum* of proof in these proceedings is such that the same body of evidence may adequately support contradictory findings. Thus, a factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence, and a factual determination by the Secretary must be given conclusive effect by the courts if it is supported by "substantial evidence." § 205(g) of the Act, 42 U.S.C. § 405(g) (1976), *as amended by* Pub.L.No. 96–265, § 307, 94 Stat. 458 (1980); *Mathews v. Eldridge,* 424 U.S. 319, 339 n.21, 96 S.Ct. 893, 904 n.21, 47 L.Ed.2d 18 (1976); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rivera v. Harris,* 623 F.2d 212, 216 (2d Cir. 1980). "Substantial evidence" means " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales, supra,* 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

When we speak of the burden of proof in a social security disability benefits proceeding, therefore, we are not concerned with which party should prevail on a given issue when there is evidence "adequate to support" both the affirmative and the negative of the factual proposition. Rather, we are concerned with which party should prevail when neither the affirmative nor the negative of the proposition is supported by "substantial evidence."

*The Burden in a Termination Case*

With this framework in mind, we turn to Schauer's underlying assumption that in a "termination" case the burden of proof is on the Secretary. It is undisputed that

---

**2.** Alternatively, Schauer argues that if the burden was on her, she met it. We reject this contention. The record suggests that Schauer's condition may have improved after her 1964–1966 period of disability, and that her second period of disability was a direct consequence of her divorce in December 1975.

What little evidence there was as to Schauer's condition in the intervening years came from doctors without psychiatric expertise and the ALJ was entitled to reject it. Thus, we conclude that for the period 1966–1975 Schauer did not present substantial evidence that she was disabled.

when a claimant applies for disability benefits the burden is on the claimant to establish disability for the period for which benefits are sought. *See* § 223(d)(5) of the Act, 42 U.S.C. § 423(d)(5) (1976), *as amended by* Pub.L.No. 96–265, § 309(a), 94 Stat. 459 (1980); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Gold v. Secretary of HEW, supra*, 463 F.2d at 41. The authorities are not so clear, however, as to who bears the burden when benefits have been awarded and the Secretary later seeks to terminate those benefits. There is support for the proposition that in such a case the burden of proof shifts to the Secretary. *See Cassiday v. Schweiker*, 663 F.2d 745, 749 (7th Cir. 1981); *Miranda v. Secretary of HEW*, 514 F.2d 996, 998 (1st Cir 1975) (court declined to decide "abstractly" whether burden of proof in termination proceeding is on claimant or Secretary, but ruled that "once having found a disability, the Secretary may not terminate the benefits without substantial evidence to justify so doing," and remanded the case for further evidentiary hearings).

On the other hand, the Supreme Court and several lower courts have stated that even in a termination proceeding the burden remains on the claimant. The Supreme Court in *Mathews v. Eldridge, supra*, in the course of determining whether a hearing must precede the Secretary's suspension of disability benefit payments, gave a general description of termination procedures in terms that clearly indicated that the claimant has the burden of proving his continued disability in a termination proceeding. Thus, as a general matter, the Court stated that "[i]n order to establish initial *and continued* entitlement to disability benefits a worker must demonstrate that he is [disabled within the meaning of the Act]," 424 U.S. at 336, 96 S.Ct. at 903 (emphasis added), and that "[t]o satisfy this test the worker bears *a continuing burden* of show-

ing, by means of 'medically acceptable clinical and laboratory diagnostic techniques,'" that he has an impairment of the required severity, *id.* (emphasis added). Similarly, in *Marker v. Finch*, 322 F.Supp. 905, 909–10 (D.Del.1971), the court, in reviewing the Secretary's decision to terminate a claimant's disability benefits on the ground that the disability had ceased, stated that:

> the standards to be applied by the Court in reviewing a termination of benefits do not differ materially from those applied in reviewing a denial of benefits. . . . In a case in which benefits have been terminated, as in a case in which benefits have been denied, the burden of proving disability is on the claimant, not on the Secretary.

*See Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972) (quoting *Marker*); and *Crosby v. Schweiker*, 650 F.2d 777, 778 (5th Cir. 1981) (per curiam) (quoting *Myers v. Richardson*'s quotation of *Marker*). Our Court apparently has not considered the question,[3] although at least two of our district courts have stated that the burden does not shift to the Secretary in termination cases. *Magee v. Califano*, 494 F.Supp. 162, 166 (W.D.N.Y.1980); *Memoli v. Califano*, 463 F.Supp. 578, 582 (S.D.N.Y.1978).

Analysis of *Mathews v. Eldridge, supra,* and the five lower court cases cited as stating that the claimant bears the burden in a termination proceeding reveals that in none was the statement a holding. In *Mathews v. Eldridge*, the question before the Court was the proper timing of a termination hearing, not the allocation of the burden of proof in such a hearing. In *Myers v. Richardson, supra,* and *Memoli v. Califano, supra,* the question was not the termination of benefits in the sense that the Secretary sought to end payment of benefits awarded in an earlier proceeding. Rather, each case was an appeal from a ruling by the Secretary on an initial application for benefits; each ruling was that the claimant had been

---

**3.** In *Miles v. Harris*, 645 F.2d 122 (2d Cir. 1981), a termination case, the majority found that the Secretary's determination that disability had ended was supported by substantial evidence, without discussing burdens of proof. Judge Oakes, dissenting, argued for a clearer explication by the ALJ of his decision, pointing out that this was "a cessation proceeding, as opposed to an initial determination of disability." *Id.* at 126.

disabled for a period but that the disability had ended; each award of benefits was for a finite, specified period; and in each case the claimant contended that the period for which benefits were awarded should not have been given an end-date. In these circumstances the statements that the Secretary does not have a burden of proof in a termination case must be regarded as dicta, as the principle to be derived from each case appears to be simply an application of the general rule that a claimant has the burden of proving disability for the entire period for which benefits are sought. Finally, in *Magee v. Califano, supra, Marker v. Finch, supra,* and *Crosby v. Schweiker, supra,* the statements that the Secretary has no burden likewise appear to be dicta, in light of these courts' actual rulings—in *Magee* that the claimant had satisfied her burden and should continue to receive benefits, and in *Crosby* and *Marker* that there was substantial evidence to support the Secretary's finding that the claimant's disability had ended.

In short, notwithstanding the various courts' statements, we are unaware of any case in which the Secretary's termination of benefits previously awarded has been upheld in the absence of substantial evidence that the recipient's disability had ended.[4]

Somewhat improbably, Schauer's clearest support for her major premise comes from the Secretary in the present case. Here the Secretary accepts Schauer's assumption that the Secretary has "the burden of proving that [the] claimant is capable of engaging in substantial activity" before benefits may be terminated. (Secretary's Brief on Appeal at 11.) He states as follows:

> It is true that in a termination proceeding, the Secretary must justify his decision to discontinue benefits granted at an earlier time by showing either that the

claimant's condition has improved, or that the disability was not as serious as first supposed [citing *Miranda v. Secretary of HEW, supra*] . . . .

In the typical termination case, the Secretary seeks to terminate benefits granted to a claimant who has met his burden of proving a continuing disability at a previous proceeding, *Magee v. Califano, [supra]*. Under these circumstances, it is altogether proper to require the Secretary to produce substantial evidence of a change in claimant's condition before the courts allow the Secretary to reverse his prior finding of a disability continuing for an unspecified time.

(*Id.* at 11–12.)

In light of the apparently confused state of the law as to who bears the burden in a termination case, we are hesitant to rely on the Secretary's concession as warranting our acceptance of Schauer's major premise. In fact, however, we need not reach a decision as to the validity of that premise in view of our conclusion as to the infirmity of her minor premise.

*The Burden in a Nontermination Case*

Even if we accepted Schauer's major premise that the burden is generally on the Secretary in a termination proceeding, we could not conclude that the present case is sufficiently like a termination case that the burden here should be on the Secretary. We see no valid reason, where there has been no prior award of benefits, to deviate from the general rule that the burden of proof is on the claimant to prove disability throughout the period for which benefits are sought. This is especially so where the proven disability may have ended long ago, making proof as to the continuation or ces-

---

**4.** In *Crosby v. Schweiker, supra,* for example, although the court quoted *Myers v. Richardson*'s quote of *Marker v. Finch,* as to the burden remaining on the claimant, the Fifth Circuit stated that

> "[o]nce evidence has been presented which supports a finding that a given condition exists it is presumed *in the absence of proof to the contrary* that the condition has remained

unchanged." *Id.* (emphasis added). Here there was substantial evidence supporting the Secretary's finding that Mr. Crosby's condition had sufficiently improved that he was no longer disabled.

*Crosby v. Schweiker, supra,* 650 F.2d at 778 (quoting *Rivas v. Weinberger,* 475 F.2d 255, 258 (5th Cir. 1973)).

sation of a disability all the more difficult. Here, there is no evidence from any psychiatrist who examined Schauer in the period 1966 to 1975. Thus there is a dearth of proof as to Schauer's psychiatric condition in that period and little possibility of developing meaningful evidence of her mental health in that period.[5] Had the 1977 application been filed a decade earlier, however, Schauer herself might have been able to generate more probative evaluations of her condition, and the Secretary would have had an opportunity to have Schauer examined by an appropriate expert, at government expense, in aid of an informed determination. The power to initiate the proceeding at a time when proof would have been available was in Schauer's hands, and we see no good reason for placing on the Secretary the onus for either the lack of contemporaneous evidence or the present inability to generate meaningful retrospective evidence.

■ Accordingly, we conclude that where there has been no prior award of benefits the burden is on the claimant to prove disability throughout the period for which benefits are sought, and that the burden is not on the Secretary with respect to any period before, after, or between periods for which disability is shown. Since Schauer did not satisfy her burden with respect to the crucial interim period in the present case, we affirm the judgment of the district court.

---

**5.** Diagnosis of a claimant's condition can properly, of course, occur after the onset of the impairment, *Parker v. Harris, supra,* 626 F.2d at 232, although we would think that long-after-the-fact diagnoses of psychiatric conditions would be more difficult, and hence their reliability lower, than most such diagnoses of physical ailments.