Eddilee HARRIS, Plaintiff,

v.

Richard SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant.

No. 82 Civ. 2779 (DNE).

United States District Court, S.D. New York.

April 4, 1983.

Westchester Legal Services, Inc., Rochester, N.Y., for plaintiff; Marianne Artusio, Rochester, N.Y., of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., for defendant; Edward G. Williams, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge.

This is an action brought under §§ 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final determination of the Secretary of Health and Human Services which denied plaintiff's application for Disability Insurance Benefits under Title II of the Act and Supplementary Security Income ("SSI") benefits under Title XVI of the Act based upon disability.

### PRIOR PROCEEDINGS

Plaintiff Eddilee Harris ("Harris") filed applications for disability benefits on May 23, 1980 and for SSI benefits on May 6, 1980. Plaintiff requested a hearing to review both applications, and a hearing was held on May 13, 1981. On July 10, 1981, the Administrative Law Judge ("ALJ") found that the plaintiff did not have a severe

impairment and was capable of performing sedentary work and therefore was not disabled under the Social Security Act. The decision of the ALJ became the final decision of the Secretary when it was adopted by the Appeals Council on August 27, 1981. On December 29, 1982 defendant filed a motion for a judgment on the pleadings, Fed.R.Civ.P. 12(c), and on January 31, 1983 plaintiff cross-moved for a judgment on the pleadings.

## DISCUSSION

The issue before this court is whether the Secretary's decision was based upon substantial evidence, *Schauer v. Schweiker,* 675 F.2d 55, 57 (2d Cir.1982), and if so, does the government then have the burden of providing the claimant with adequate notice of the nature and demands of the types of jobs allegedly available to the claimant by specifying a few suitable alternative available types of jobs. *See Campbell v. Secretary of Health and Human Services,* 665 F.2d 48, 53–54 (2d Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982).

Plaintiff is a forty-eight year-old woman. She completed two years of high school education and her work history consists of unskilled labor. Record on Review ("Tr.") at 63–65. Harris last worked from July to December, 1979 as a kitchen aide in a day care center. Tr. at 65. Between July, 1979 and 1974 she worked part-time as a health aide for elderly people. Tr. at 69–70. From 1952 to 1974 she was employed indexing books. Tr. at 67–68.

Plaintiff claims that she has been unable to work since January 2, 1978 because she suffers from "arteriosclerotic heart disease with acute coronary insufficiency, angina pectoris, hypertension, an irregular heartbeat, degenerative arthritis and obesity." Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Judgment on the Pleadings at 2. Plaintiff testified at the hearing that she is unable to work due to sharp chest pains radiating to her left arm which occur after slight exertion as well as at rest. Tr. at 70–76. This condition is aggravated by arthritic pain and swelling involving her right knee, foot and ankle and hypertension. From October, 1979 to December, 1980 Harris was hospitalized six times, each time for approximately 8–10 days, for her heart condition and hypertension. Tr. at 180, 196, 210, 229, 242, 275.

Harris' claim is supported by medical records and subjective evidence of pain and disability as described by the claimant. Medical records of examinations performed by the claimant's treating physician indicate that plaintiff is able to sit for four hours at one time and for a total of six hours during an eight hour day; stand for two hours at a time and for a total of three hours during an eight hour day; she could not walk for even one hour at one time and could walk for a total of one hour during an eight hour day. In addition, the claimant can occasionally lift and carry up to five pounds. Tr. at 276.

Dr. George Branche, Harris' treating physician, observed Harris during the period December 20, 1980 through April 29, 1981 and diagnosed her condition as arteriosclerotic heart disease with coronary insufficiency, hypertensive cardiovascular disease, and osteoarthritis-generalized. Tr. at 272–75. On May 8, 1981 Dr. Branche evaluated plaintiff's residual functional capacities, and indicated that she is able to lift only five pounds and is not able to bend, squat, crawl or climb at all, can only occasionally reach, can use her hands but not her feet for repetitive movements. Tr. at 276. He also reported that plaintiff has total restrictions involving unprotected heights, moving machinery, driving automotive equipment, exposure to dust, fumes and gases, and that she is able to sit for as many as six hours per day and walk for one hour per day. *Id.* Thus, according to her treating physician, she is completely unable to perform even sedentary work insofar as the regulation defining sedentary work states that such work "entails lifting 10 pounds maximum." 20 C.F.R. § 404.1510(b) (1982).

The record also contains reports of examinations performed by two consulting physicians. Tr. at 262–71. Tests conducted by

one of the consulting physicians, Dr. Murray J. Pokress, who examined the plaintiff on September 8, 1980, demonstrated that the claimant had an "inappropriate increase in heart rate due to a low tolerance to exercise," and that after only one minute of exercise at 2 M.P.H. the claimant developed extreme weakness and fatigue and was not able to continue. Tr. at 269. On September 23, 1980 Dr. Pokress diagnosed hypertensive arteriosclerotic heart disease and obesity. Tr. at 265.

The other consulting physician, Dr. Sures Chaudhary, examined Harris on July 13, 1980 and determined that the "claimant's ability to walk is limited to ten blocks, ability to stand and sit are within normal limits, ability to lift weight is to 20 pounds, and bending ability is within normal limits. She can grasp and manipulate within normal limits for fine and gross movements." Tr. at 264.

To qualify for disability benefits a claimant must be found to be under a disability, which is defined as an "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... Which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Act further provides that to recover, the claimant's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security Administrative Regulations 404.1520 and 416.920 provide that claimants with a severe impairment who are engaging in substantial gainful activity may be found disabled if their impairment meets the duration requirement and is either listed in the Secretary's "Listings," or is determined to be medically equivalent to a listed impairment. See 20 C.F.R. §§ 404.-1520, 404.1526, 416.920 and 416.926 (1982). The ALJ found that Harris' impairments did not qualify her for disability benefits under the Secretary's "Listings," and that they were not medically equivalent to a listed impairment. Tr. at 44. Additionally, the ALJ found that since the claimant was not engaging in substantial gainful activity, the issue was whether her impairments prevented the performance of other gainful activity. Id.

■ A claimant has the initial burden of "showing that his impairment prevents him from returning to his prior type of employment." Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982). If the claimant demonstrates, as Harris did here, that she cannot return to her previous type of employment then the government has the burden of proving that there is other work the claimant can perform. Id.

The ALJ found that Harris has the following impairments: (1) status post hysterectomy for cervical cancer; (2) mild arthritis with occasional swelling of the foot and ankle; (3) moderate arthritis of the right knee; and (4) occasional chest pain and shortness of breath attendant to a heart condition. Tr. at 48. The ALJ determined that Harris "is restricted from strenuous exertion in view of her obesity, heart condition and other impairments," but concluded that the claimant was not under a "disability" within the meaning of the Act as she "has the residual functional capacity for sedentary work." Tr. at 49. The court must determine whether the findings of the Secretary are supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3). See Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

■ In reaching his conclusion, the ALJ disregarded the findings of the treating physician, Dr. Branche, stating that these were not "supported by objective and clinical findings, is not supported by claimant's diagnoses, and is simply not as credible as the more complete findings of the consultative physicians whose opinions are consistent with the other evidence of record." Tr. at 46. The opinion of the treating physician, however, is binding on the fact-finder unless contradicted by substantial evidence. Echevarria v. Secretary of Health and Human Services, 685 F.2d 751, 756 (2d Cir. 1982); Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978).

As previously discussed, the opinion of Dr. Branche that the claimant is only able to lift and carry up to five pounds, would preclude the claimant from performing sedentary work as defined by the applicable regulation and would require her to be found to be disabled. Dr. Pokress did not state an opinion as to the claimant's ability to lift and carry. The report of Dr. Pokress, supported by clinical evidence, Tr. at 264, was that the claimant demonstrated an "inappropriate increase in the heart rate due to low tolerance to exercise." Tr. at 269. This certainly cannot be considered to be contradictory evidence of the treating physician's opinion. Thus, the only evidence opposing the opinion of the treating physician that the claimant cannot perform sedentary activity is the report of Dr. Chaudhary. Tr. at 262–64.

In light of the significant conflict between Dr. Chaudhary's and Dr. Branche's opinions as to whether the claimant is able to perform sedentary work, the court finds itself in a quandary. The opinion of the consulting physician can be considered as more objective than that of the treating physician, by virtue of the difference in their relationship to the plaintiff, and was considered by the ALJ as contradictory substantial evidence. This the court does not desire to do, but rather has decided to remand this action for the purpose of a complete evaluation of the plaintiff, to be followed by a report specifically detailing the findings of the examination and the conclusions therefrom.

The court also directs that a report be furnished to the court setting forth in detail to what extent the treating doctor's report was inadequate and fails to support his conclusions. It is further ordered that the ALJ, after receipt of the evaluation and report as ordered by the court, render a detailed decision for submission to the court for its consideration. Accordingly, the action is remanded to the ALJ for further review as directed by the court to determine whether the claimant possesses exertional capacity to perform sedentary work pursuant to 20 C.F.R. § 404.1510(b) (1982).

If the ALJ determines that the claimant is able to perform sedentary work, the final disposition of the case should be stayed pending the Supreme Court decision in *Campbell v. Secretary of Health and Human Services* 665 F.2d 48, 53–54 (2d Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982). *See Carroll v. Secretary of Health and Human Services,* No. 81–6253 (2d Cir. Dec. 16, 1982) (order granting extension of time pending decision in *Campbell*). As indicated *supra,* once the ALJ determines that a claimant is unable to return to her previous job, the Secretary assumes the burden of demonstrating "the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform . . . ." *Decker v. Harris,* 647 F.2d 291, 294 (2d Cir.1981). Here, the Secretary never offered evidence of specific jobs suitable for the plaintiff but merely relied upon guidelines which take notice of sedentary jobs in the national economy. *See* 20 C.F.R. Part 404, Subpart P Appendix 2 (1982).

*Campbell v. Secretary of Health and Human Services* requires the Secretary to give the plaintiff "adequate notice of the nature and demands of the types of jobs allegedly available." *Supra,* 665 F.2d at 53. Thus, the decision in *Campbell v. Secretary of Health and Human Services* may affect the government's burden of proof regarding the existence of alternative employment opportunities in the national economy. Therefore, if the ALJ determines that the claimant is able to perform sedentary work, a stay of the proceedings pending the decision in *Campbell v. Secretary of Health and Human Services* is in the interest of judicial economy and will not unduly prejudice the claimant.

SO ORDERED.