-Anita NORTHRUP, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. CIV–82–46T.

United States District Court, W.D. New York.

May 2, 1983.

---

Monroe County Legal Assistance Corp., Rochester, N.Y., for plaintiff; Carolyn Curry, Rochester, N.Y., of counsel.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y., for defendant; Sonia C. Jaipaul and David Rothenberg, Asst. U.S. Attys., Rochester, N.Y., of counsel.

## DECISION and ORDER

TELESCA, District Judge.

This is an action brought by plaintiff pursuant to 42 U.S.C. Section 405(g) to review a final determination of the defendant, the Secretary of Health and Human Services (Secretary), denying plaintiff's application for supplemental security income benefits.

Anita Northrup was found to be disabled on August 21, 1979 as a result of hypotension and manic-depressive psychosis. On March 31, 1981, the Secretary notified Ms. Northrup that her medical condition was not disabling effective March, 1981. Thereafter, her supplemental security income benefits were terminated on May 31, 1981.

Ms. Northrup alleges that she has a continuous disability due to depression, weak low back, twisted right knee, and chronic mouth and throat infections. She has been under psychiatric care for over 27 years. She was hospitalized in Rochester State Hospital three or four times, and in the psychiatric wing of Strong Memorial Hospital at least four times. She has had numerous electro-shock treatments and has been diagnosed as having a schizo-affective disorder.

Initially, it must be noted that this Court has a limited scope of review over the decisions of the Secretary. "It is not the function of a reviewing court to determine *de novo* whether the claimant is disabled. Assuming the Secretary has applied proper legal principles, judicial review is limited to an assessment of whether the findings of fact are supported by substantial evidence; if they are supported by such evidence, they are conclusive. 42 U.S.C. Section 405(g)." *Parker v. Harris,* 626 F.2d 225, 231 (2nd Cir.1980).

■ The Secretary found that Ms. Northrup's weak low back, twisted right knee, and chronic mouth and throat infection were not disabling. After a careful and thorough review of the record in this matter, I hold that these findings are supported by substantial evidence.

However, the Secretary's finding that Ms. Northrup's psychiatric disorder is not disabling, is not as easily resolved.

Customarily when an application for S.S.I. benefits is filed, the burden is on the claimant to establish the existence of a disability. 42 U.S.C. Section 423(d)(5). Ms. Northrup met that burden when she was found to be disabled in 1979. However, when benefits are later terminated, it is not clear whether the claimant is under a continuing burden to establish a disability, or whether the burden shifts to the Secretary to show that the claimant is no longer disabled.

The authorities are not clear on this point. Some cases hold that, in the termination context, the Secretary bears the burden of showing an improvement in the claimant's condition. *Cassidy v. Schweiker,* 663 F.2d 745, 749 (7th Cir.1981); *Miranda v. Secretary of HEW,* 514 F.2d 996, 998 (1st Cir.1975). Others hold that the claimant continues to bear the burden of proving a disability. *Crosby v. Schweiker,* 650 F.2d 777, 778 (5th Cir.1981); *Myers v. Richardson,* 471 F.2d 1265, 1268 (6th Cir.1972); *Magee v. Califano,* 494 F.Supp. 162, 166 (W.D. N.Y.1980); *Marker v. Finch,* 322 F.Supp. 905, 909–910 (D.Del.1971). In this circuit, the proposition that the Secretary bears the burden in a termination case "may well be unfounded". *Schauer v. Schweiker,* 675 F.2d 55, 57 (2nd Cir.1982), but the question has not been settled. The holding in *Schauer,* falls short of this case because, unlike this case, *Schauer* was not a "termination" case. *Schauer, supra,* at 59–60.

■ The concept of "burden of proof" in the social security context has been described as "confusing", *Miranda, supra,* at 998, and "elusive", *Schauer, supra,* at 57. I agree. Social Security proceedings are not strictly adversarial. While it is true that a claimant has the "burden of proof" to the extent that he must furnish "such medical and other evidence of the existence" of a disability "as the Secretary may require", 42 U.S.C. Section 423(d)(5), the Secretary and the Administrative Law Judge (ALJ) are not without responsibilities. The Secretary must reasonably investigate claims. If a claimant is not represented by counsel, the ALJ has an obligation "to scrupulously

and conscientiously probe into, inquire of, and explore for all relevant facts. . . ." *Hankerson v. Harris,* 636 F.2d 893, 895 (2nd Cir.1980) (quoting *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2nd Cir.1972)).

As stated in *Miranda,* "these responsibilities resist translation into absolutes", and I "see no point in deciding abstractly whether the 'burden of proof' at a termination proceeding is on the claimant or Secretary. Both have responsibilities. The question in each case is whether the Secretary's decision was supported by substantial evidence." *Miranda, supra,* at 998.

In determining whether the Secretary's decision to terminate is supported by substantial evidence, I cannot turn a blind eye to the Secretary's original finding that Ms. Northrup was disabled.

■ Disability, once determined, cannot be reversed without the Secretary making clear findings based upon relevant evidence of changes which have occurred in the claimant's condition. Without stating the reasons for changing its position, the assumption is that there is no new evidence of any change in the claimant's condition. For that reason, the Secretary has the burden of coming forth with relevant evidence of changes in the claimant's condition—not merely the re-evaluation of stale evidence already in the claimant's file.

The record in this case is void of any evidence that Ms. Northrup's condition has changed since she was originally found disabled. While the record does not disclose the evidence upon which the original determination was made, a psychiatric evaluation conducted less than three months after Ms. Northrup was found disabled is remarkable for its similarity to the two psychiatric evaluations, conducted more than two years later, upon which the termination decision was based. The residual functional capacity evaluations of the earlier report and the later reports are nearly identical. One of the evaluations upon which the termination decision was based states that the duration of Ms. Northrup's impairment "has lasted for many years and can be expected to continue at this level".

In the absence of any evidence showing that Ms. Northrup is no longer disabled due to some change in her condition, I find that the Secretary's decision, insofar as it concludes that Ms. Northrup's psychological impairment is no longer disabling, is not supported by substantial evidence, and therefore cannot be affirmed.

Accordingly, the determination of the Secretary is reversed and the case is remanded for further consideration and, if necessary, further hearings consistent with this opinion.

SO ORDERED.