81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNUM LIFE INSURANCE COMPANY, Plaintiff/Counter-Defendant/Appellee,
v.
Michael V. ELAM, M.D., Defendant/Counter-Claimant/Appellant.
 No. 94-56299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 3, 1996.
 
 Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Unum Life Insurance Company ("Unum") filed a declaratory judgment action seeking a declaration of its rights and obligations under a disability policy issued to Michael Elam, a cosmetic surgeon. The district court granted Unum's motion for summary judgment, finding that Elam was not entitled to benefits under the terms of the policy. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3623 (U.S. Mar. 18, 1996) (No. 95-481). We must determine, viewing the evidence in the light most favorable to Elam, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. "We may affirm the district court's grant of summary judgment on any ground supported by the record." Sierra Club v. Babbitt, 65 F.3d 1502, 1507 (9th Cir.1995).
 
 
 4
 Elam filed a claim for benefits based on the diagnosis of Dr. Ferris N. Pitts. Dr. Pitts first examined Elam in January 1992. Dr. Pitts concluded that Elam suffered from a variety of neuro-psychiatric illnesses and that as a result Elam had been unable to perform cosmetic surgery since May 1990. The district court found that any estimate on the part of Dr. Pitts as to the beginning of Elam's disability was mere speculation, presumably based on what Elam told him. Consequently, the district court excluded the expert testimony, ruling that the proffered evidence was not reliable enough to assist the trier of fact to understand the evidence or to determine a fact in issue.
 
 
 5
 We respectfully disagree with this characterization of Dr. Pitts' testimony. " 'Diagnosis of a claimant's condition can properly ... occur after the onset of the impairment.' " Lester v. Chater, 69 F.3d 1453, 1465 n. 9 (9th Cir.1995) (as amended) (quoting Schauer v. Schweiker, 675 F.2d 55, 60 n. 5 (2d Cir.1982)). "[M]edical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.1988).
 
 
 6
 Even after considering the diagnosis made by Dr. Pitts, however, we find that Elam was not entitled to disability benefits under the policy. Elam could qualify for the benefits only after he began to receive appropriate medical care for his illnesses. By the time Elam began to receive such care, he had already lost his license to practice medicine because he had committed insurance fraud. Elam therefore could not satisfy the policy's requirement that his sickness disable him from performing his regular occupation; Elam could not perform cosmetic surgery whether or not he was sick. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Unum.[1]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that Elam was not entitled to benefits under the terms of the policy, and thus affirm the grant of summary judgment, we need not address Unum's other arguments. See Murdock v. Stout, 54 F.3d 1437, 1444 n. 5 (9th Cir.1995)