**Raymon S. CHRZAN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. CIV-82-1070T.**

United States District Court, W.D. New York.

Oct. 19, 1983.

Kenneth L. Bennett, Rochester, N.Y., for plaintiff.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y. (Martin J. Littlefield, Jr., Asst. U.S. Atty., Rochester, N.Y., of counsel), for defendant.

## BENCH DECISION and ORDER

TELESCA, District Judge.

Plaintiff has been receiving Social Security benefits since June 30, 1974. The instant case arises as a result of a termination of Mr. Chrzan's Social Security disability benefits effective November 1, 1981. As this Court has repeatedly held, "disability, once determined, cannot be reversed without the Secretary making clear findings based upon relevant evidence of changes which have occurred in the claimant's condition". *Northrup v. Schweiker,* 561 F.Supp. 1240, 1242 (W.D.N.Y.1983).

In this case plaintiff's condition has been diagnosed as a non-psychotic brain syndrome due to a fractured skull claimant suffered while in the military service. Plaintiff's primary medical care since his injury has been through the Rochester Veterans Administration Hospital where plaintiff receives out patient therapy. Plaintiff complains of severe memory loss, lapses in ability to concentrate or comprehend, severe anxiety, constant headaches, depression and insomnia. At the request of the Secretary, plaintiff was also examined on September 8, 1981, by Dr. Lawrence J. Radice, a neurologist and psychiatrist. Dr. Radice opined that plaintiff's capacity to perform work with even minimal contact with others was "severely restricted", his capacity to perform daily activities was "severely restricted", his capacity to perform complex tasks, varied tasks, or even repetitive tasks, was "severely restricted", his ability to respond to supervision and customary work pressures in a routine work environment was "severely restricted", and his ability to meet production, quality and attendance standards was "severely restricted". (R. 276–277)

Nevertheless, the Secretary rejected the medical opinions of both the treating physicians at the Veterans Administration Hospital and the opinion of the examining physician, Dr. Radice, and adopted the opinions of two *non-examining physicians,* Drs. Ossinoff and Singer. After examining plaintiff's medical records, Drs. Singer and Ossinoff concluded that plaintiff has the capacity to perform "simple low stress work" and therefore was not disabled within the meaning of the Act.

After a careful review of the record, I find the medical reports of plaintiff's treating physicians and the detailed report by the examining physician, Dr. Radice, are not contradicted by substantial evidence. "It is well settled that the opinion of a treating physician or psychiatrist is entitled to *particular weight* in ascertaining the severity of a claimant's disability." *Parker v. Harris,* 626 F.2d 225 (2nd Cir.1980). The reports of Drs. Singer and Ossinoff, who did nothing more than review medical reports of others, deserve little, if any, weight in the overall evaluation of disability. *Landess v. Weinberger,* 490 F.2d 1187 (8th Cir. 1974). Accordingly, I find the defendant to have failed to demonstrate an improvement

in claimant's medical condition. Because the record provides "persuasive proof of disability" a remand for further evidentiary proceedings would serve no useful purpose. *See Parker v. Harris, supra.* Therefore, I reverse and remand to the Secretary for the immediate calculation and payment of benefits.

ALL OF THE ABOVE IS SO ORDERED.