Robert L. SAMPSON, Plaintiff, Appellant,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 76–1394.

United States Court of Appeals, First Circuit.

March 31, 1977.

---

Albert E. Grady, Brockton, Mass., for plaintiff, appellant.

James J. O'Leary, Asst. U. S. Atty., Boston, Mass., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and GIGNOUX,* District Judge.

---

* Of the District of Maine, sitting by designation.

COFFIN, Chief Judge.

Appellant first filed for social security disability benefits in 1955, claiming that he had been unable to work since contracting tuberculosis in 1950. The application was denied initially, and no further review was sought. A second application based on the same claim was filed in 1964. This was also denied initially, and appellant requested a hearing. The Hearing Examiner believed that the claim was barred by the prior determination, but also determined on the merits that appellant was not disabled within the meaning of the Act during his period of eligibility. Appellant did not seek further review.

A third application filed in 1968 was dismissed on the grounds of res judicata, but it was not until a fourth application, filed, in 1973, was dismissed on the same grounds that appellant sought review in the district court. The district court upheld the Secretary's determination, and we affirm.

Appellant's 1973 claim was properly dismissed on res judicata grounds, since the claim was identical to the one heard and denied in 1965, after appellant's eligibility for benefits expired. *See Ruiz-Olan v. Secretary of H. E. W.,* 511 F.2d 1056 (1st Cir. 1975). Appellant's claim that his condition deteriorated after his eligibility lapsed does not affect the finality or the validity of the prior determination. *Cf. id.* at 1058; *Steimer v. Gardner,* 395 F.2d 197, 198 (9th Cir. 1968).

The Administrative Law Judge also determined that there was no good cause shown for reopening the earlier applications. This circuit has held such decisions reviewable, *Bradley v. Weinberger,* 483 F.2d 410, 413 (1st Cir. 1973), and the district court held that the determination not to reopen was proper in this case. It is now clear, however, that, in the absence of a constitutional claim, judicial review of a decision not to reopen is foreclosed. *Califano v. Sanders,* —— U.S. ——, ——, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

*Affirmed.*