Edward CROSBY, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 81–1037
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

July 16, 1981.
Rehearing Denied Sept. 28, 1981.

Dallas Legal Services Foundation, Inc., John G. Heike, Dallas, Tex., for plaintiff-appellant.

Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Nathan Kobin, Baltimore, for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

After a four-year period of receiving Social Security disability benefits, Mr. Crosby was notified that improvement in his condition rendered him no longer disabled and that these benefits would be and were terminated. The court below found that the Secretary's decision was supported by substantial evidence. Agreeing, we affirm.

We note in passing Mr. Crosby's argument that, to employ counsel's phraseology, "the so-called burden of proof" should be upon the Secretary in termination cases such as this. We find no warrant for the view that the factual findings of the Secretary are to be tested by different standards in termination cases than in others. The command of the pertinent judicial review provision is general, draws no such distinctions: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

The phrase quoted by counsel from our decision in *Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir. 1973), does not conflict in any manner pertinent here with that general rule. There we observed that "[o]nce evidence has been presented which supports a finding that a given condition exists it is presumed *in the absence of proof to the contrary* that the condition has remained unchanged." *Id.* (emphasis added). Here there was substantial evidence supporting the Secretary's finding that Mr. Crosby's condition had sufficiently improved that he was no longer disabled. Insofar as traditional concepts of burden of proof, or of proceeding or of persuasion, figure in review of such appeals as this, governed by the substantial evidence rule, we agree with the view of the Sixth Circuit, expressed in *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972):

> In a case in which benefits have been terminated, as in a case in which benefits have been denied, the burden of proving disability is on the claimant, not on the Secretary. *Watson v. Gardner*, 246

F.Supp. 837, 838–839 (N.D.Ga.1965); *Maynard v. Celebrezze*, 209 F.Supp. 523, 524 (S.D.W.Va.1962). Thus the claimant has the burden of proving that his disability did in fact, continue.[1]

AFFIRMED.

---

**1.** Quoting from *Marker v. Finch*, 322 F.Supp. 905, 909, 910 (D.Del.1971).