**Donis BUCKLEY, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–3533.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1984.

Evangeline G. Abriel, Loyola Law School Clinic, Nancy Chachere, David Girard, New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., W. Glenn Burns, Asst. U.S. Atty., New Orleans, La., Thomas Stanton, Charlene M. Seifert, Asst. Reg. Atty., U.S. Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee.

Before REAVLEY, JOHNSON and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Donis Buckley appeals the decision of the district court affirming the termination of her Supplemental Security Income benefits,[1] contending that she was entitled to a presumption of continued disability. Finding no additional evidence contrary to the previous determination of disability, we find the termination unjustified and reverse.

## I. Statement of the Case

Donis Buckley had a history of psychological problems and was hospitalized three times from 1972 to 1977 for schizophrenia. In 1977 an administrative law judge (ALJ) determined that her mental problems rendered her disabled under the Social Security Act and awarded her Supplemental Security Income benefits. In 1978, a different ALJ, Dorothy Wolbrette, terminated the benefits on the grounds that Buckley's psychotic reaction was in remission with the use of medication. In 1980 Buckley reapplied for benefits. A third ALJ, Charles Collins, found her disabled, noting that since "she is sustained on significant anti-psychotic medication, it is clear she is unable to work ...." In 1982 Buckley's status was again reviewed and a fourth ALJ, Carl Sarett, terminated her benefits because there had been no evidence of psychosis since approximately 1975. He added that Buckley had the ability to perform her prior work even before 1982.

Buckley contends that this most recent assessment of her mental condition is not supported by substantial evidence and that she should have been entitled to a presumption of a continuing disability absent some showing by the Secretary of evidence to the contrary.

## II. Burden of Proof and Burden of Coming Forward in Termination Cases

█ It is well settled that the claimant has the burden of proving her disability and must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); *Kane v. Heckler,* 731 F.2d 1216 (5th Cir.1984). She bears a continuing burden of proving her disability, *Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), and must carry this burden of proof in termination cases as well as in initial disability determination cases. *Ransom v. Heckler,* 715 F.2d 989, 992–993 (5th Cir.1983); *Crosby v. Schweiker,* 650 F.2d 777, 778 (5th Cir.1981); *Smith v. Schweiker,* 646 F.2d 1075, 1077 n. 2 (5th Cir.1981).

█ Nevertheless, a prior determination of disability is not without effect; it is binding on all parties to the hearing, 20 C.F.R. 416.1455 (1983); *Patti v. Schweiker,* 669 F.2d 582, 587 (9th Cir.1982), and has a res judicata effect as to that record. If the Secretary reassessed a claimant's eligibility for benefits[2] and no new evidence was submitted after the prior decision, termination would not be justified. The Secretary may not overrule an earlier finding of disability merely on a reappraisal of earlier evidence. *Miranda v. Secretary of Health, Education, and Welfare,* 514 F.2d 996, 998 n.* (1st Cir.1975). To hold otherwise would allow eligibility to turn on the whim of the reviewing ALJ rather than on evidence of the claimant's condition.

---

**1.** The Supplemental Security Income Program (SSI) is a federal program of aid to the elderly, blind, and disabled whose income and resources fall below a standard level. *See* 42 U.S.C. §§ 1381–1383c (1976); 20 C.F.R. §§ 416.101–416.2227 (1983). It provides a flat grant to the beneficiary, reduced by income received from other sources. 42 U.S.C. §§ 1381a, 1382(b) (1976); *Rothman v. Schweiker,* 706 F.2d 407, 409 (2d Cir.), *cert. denied, Guigno v. Heckler,* — U.S. —, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983).

**2.** The Secretary or state agency may review each case at least every three years to determine continuing eligibility, 42 U.S.C. § 421(h)(1) (1976), or the case may be "diaried" for review. In the latter case, the Secretary awards disability benefits but, believing the disability may not continue, schedules the case for review. Buckley was "diaried" for review.

*Simpson v. Schweiker,* 691 F.2d 966, 969 (5th Cir.1982).[3] Accordingly, "once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." *Weinberger v. Rivas,* 475 F.2d 255, 258 (5th Cir.1973); *accord Patti v. Schweiker,* 669 F.2d at 586 (9th Cir. 1982).

■ In requiring the Secretary to provide evidence of a changed condition, we do not shift the burden of proof which, by statute, remains with the claimant. We adopt the Thayer rule of presumptions which shifts only the burden of coming forward. *See* J. Weinstein, M. Berger, *Weinstein's Evidence,* ¶ 300[1] at 300–2 (1982). The Secretary is not required to prove by substantial evidence that the claimant's disability has ceased;[4] she need only offer additional evidence tending to rebut the presumption of continued disability.[5] *Id.* This evidence may suggest that the condition has improved or that it was not as serious as originally thought. *Cassiday v. Schweiker,* 663 F.2d 745, 747 (7th Cir.1981). The claimant is then given another opportunity to submit additional evidence of continued disability. The facts upon which the prior determination of disability was made must be weighed by the trier of fact along with new evidence submitted by both parties. *See* J. Weinstein, *supra,* ¶ 300[1] at 300–5—300–6. After a new determination of eligibility is made, the entire record must be reviewed to determine if the ALJ's decision is supported by substantial evidence. *Crosby v. Schweiker,* 650 F.2d at 778; *Smith v. Schweiker,* 646 F.2d at 1076; *Miranda,* 514 F.2d at 998 n.*.

■ Applying this standard of review to the case before us, we hold that Buckley was entitled to a presumption of continuing disability based upon the 1980 determination by Charles Collins. The Secretary came forward with new evidence regarding Buckley's physical condition. Evaluations were made of Buckley's cervical spine, bilateral knees, and arthritis. The ALJ concluded that these ailments were not incapacitating and that conclusion was supported by substantial evidence. Buckley's prior determination of disability, however, had been due to her psychological condition and no additional evidence regarding that condition was presented.

A psychiatrist, Dr. Alvin Cohen, reviewed Buckley's mental status on January 25, 1982, and found that she had no gross abnormalities, such as delusions or hallucinations. He noted that her activities were somewhat restricted and that her social relationships were limited to one close girlfriend and members of her immediate family. He diagnosed her condition as a "[s]chizophrenic [d]isorder, in remission," stated her prognosis to be "guarded," and recommended the continuation of therapy. On August 16, 1978, Dr. Cohen made an almost identical report. He stated that Buckley had no gross abnormalities such as delusions or hallucinations, but that she was restricted in her activities. He diagnosed her condition as an "[u]ndifferentiat-

---

3. The standard of review in *disability cases* is whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g) (1976). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1429, 28 L.Ed.2d 842 (1971). It is theoretically possible that substantial evidence may exist to support a finding of disability or non-disability. *E.g., Smith v. Schweiker,* 646 F.2d 1075, 1083 (5th Cir.1981) (Gee, J., dissenting) (substantial evidence on both sides of case). Particularly in close cases, reasonable persons may reach different conclusions based upon a review of the same evidence. Consequently, public policy considerations dic-

tate a need for finality in decisions; flip-flopping by the Secretary in eligibility determinations, even in close cases, such as the one before us, must be disfavored.

4. *Cf. Cassiday v. Schweiker,* 663 F.2d 745, 747 (7th Cir.1981) (Secretary may not terminate benefits without substantial evidence for so doing).

5. This standard is consistent with the Secretary's own regulations, which require that medical and other evidence in the claimant's file show that the disability has ended. *See* 20 C.F.R. § 404.1594 (1983).

**1050**

ed psychotic reaction, in remission with use of medication." This 1978 report was before Charles Collins when he determined that Buckley was disabled; the almost identical 1982 evaluation added no new information to the record on Buckley's mental condition. That being so, the prior determination of disability stands.

REVERSED.