Clarence TAYLOR, SS # 465–58–9132, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–1254
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1984.

Law Offices of O'Shea, Hall & Hart, Kevin C. Hart, Bruce E. MacGregor, Lubbock, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The claimant Taylor appeals from a judgment of the district court that affirmed the Secretary's termination of his disability benefits under the Social Security Act. 42 U.S.C. § 405(g). He contends that the district court erred in dismissing his complaint and in thus affirming the administrative law judge's finding that Taylor had failed to prove a continuing impairment of disabling severity, so that thus his disability ceased in December 1981.

On appeal, Taylor argues, inter alia, that the ALJ's finding is not supported by substantial evidence, in part because the ALJ failed to afford the claimant, previously determined by the Secretary to be disabled, a presumption that the given disability continued, in the absence of proof to the contrary that the condition has changed or was not as serious as originally found. *Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir. 1973), as recently reiterated and explained in *Buckley v. Heckler*, 739 F.2d 1047 (5th Cir.1984). Finding this contention well taken, we reverse.

### I.

Taylor, now 46 years of age, a manual laborer, was originally awarded disability benefits beginning in June, 1973. The disability determination was based upon a herniated-disc back injury, which involved surgery in 1973 and a recommendation for further surgery in 1979. Disability payments were continued without event until January, 1982, when the Secretary on periodic review administratively determined that Taylor was no longer functionally limited by his impairments and was able to engage in substantial gainful employment. The claimant, unrepresented by counsel, obtained a hearing before the ALJ, at which he and his wife testified and at which 19 exhibits were introduced.

The hearing, as well as all the medical reports introduced, indicated that the claimant Taylor has consistently complained of severe back and leg pains that prevent him from doing household chores, let alone working. The hearing lasted 22 minutes (14 pages), of which approximately one-third (4 pages), was involved in questioning about admission of the 19 exhibits into the evidence.[1]

### II.

In the present instance, the claimant previously had been determined in 1973 by the Secretary to be disabled and unable to perform substantial gainful employment by reason of the herniated-disc back injury and the residual of the surgery. However, in 1982, the ALJ found that the claimant's impairment had improved and his disability had ceased, so that he had the functional capacity to engage in substantial gainful activity following December 1981.

In doing so, as will be detailed more fully in III and IV, *infra,* the ALJ rejected the testimony of the claimant Taylor and the medical reports of two orthopedists who had treated Taylor over an extended period of time. The ALJ, instead, apparently relied upon the report of a single examination of the claimant by an internist (who had examined Taylor at the request of the Secretary), who, in effect, found no *objective* symptoms of present disability on the occa-

---

1. Because of our conclusion that substantial evidence does not support the ALJ's conclusion of cessation of disability, we do not reach another substantial contention that might have requried remand: whether the ALJ afforded the uncoun- selled claimant a hearing that developed a full and fair record, *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981); *Clark v. Schweiker,* 652 F.2d 399, 404 (5th Cir.1981).

sion of his examination (except for the absence of the left Achilles jerk, and tenderness at the healed operation scar of the surgery at the lumbar spine), who expressed no opinion as to Taylor's complaints of pain or his ability to perform gainful employment, and who concluded: "Prognosis: Good."

In *Buckley v. Heckler,* 739 F.2d 1047 (5th Cir.1984), this court has recently clarified and enunciated the principles applicable to a termination of disability benefits that had been previously awarded on the basis of a medically determinable physical or mental impairment, which had previously been determined to disable the claimant from engaging in substantial gainful activity. There, we summarized, with citation of authority, the applicable principles as to the burden of proof and the burden of producing evidence as follows 739 F.2d at 1048–49:

(1) The ultimate burden of proving continuing disability remains with the claimant.

(2) However, the prior determination of disability is not without effect:

(a) It has a res judicata effect as to the record on which the determination was made, so that the Secretary may not find a cessation of previously found disability by a reappraisal of earlier evidence or without producing new evidence;

(b) The prior determination creates a presumption of continuing disability that requires the Secretary to provide evidence of a change in the claimant's disabling condition, either that it has improved, or that it was not as serious as originally determined; and

(c) The facts upon which the prior determination was made must be weighed by the trier of fact along with the Secretary's new evidence and any additional evidence submitted by the claimant of continuing disability.

(3) On judicial review, after a new determination of eligibility is made on these principles, the entire record is reviewed to determine whether the Secretary's de-

cision of cessation of disability is supported by substantial evidence. *Id.*

Under these principles, the ALJ erred in concluding that Taylor's previously found disability had ceased. For reasons to be elaborated, the evidence before him showed no essential change in the disabling back condition initially determined as the basis for the award for disability benefits.

### III.

The evidence before the ALJ consisted of the testimony of the claimant and his wife and 19 exhibits. The exhibits included an initial disability determination of March 19, 1974 (based on a diagnosis of "herniation of nucleus pulposus due to Trauma, L–5, S–1"), the prior administrative papers of 1981 and 1982 leading to the Secretary's determination of cessation of disability of February 2, 1982, and the claimant's response thereto, and the reports of four doctors.

The claimant Taylor and his wife testified to his severe back and leg pains upon exertion, that prevented him from doing even household chores. (Although Taylor testified that he drove his pickup truck to and from a particular place when he needed to, he testified that his back hurt when he did so, and he would return immediately home to bed.) This testimony is consistent with that of the reports of three doctors in the record (and, actually, not inconsistent with that of the fourth, as will be seen).

The report of an examination on January 11, 1982 by Dr. Santos, an orthopedic surgeon who had treated Taylor over the years found low grade muscle spasm, considerable pain and discomfort on extension, x-ray evidence of disc generative disease, and other symptoms of residual back injury. He concluded: "We are dealing with a man who has problems with his back secondary to overstress of his back, degenerative arthritis, disc degenerative disease. I do not think we have a candidate for any type of manual labor." The doctor also stated that he had recommended further surgery in 1979, but that Taylor was unwilling, and that the doctor felt that con-

servative treatment was the choice—and that at that time, he "did not feel that this man, because of the degenerative arthritis of his low back, was going to be able to do anything that required any excessive use of his back in the performance of his duties." In his decision the ALJ referred to and quoted from this report, although he did not specifically state why he discounted it.

The record also contains the report of Dr. Lewis of March 29, 1974, an orthopedic surgeon who had treated Taylor during the initial period of his disability and following his surgery of 1973; this report noted apparent disabling residuals from the surgery. The report of Dr. Nelson, Taylor's family doctor, of March 17, 1982, is also in the record, indicating continuing complaints and back pain and that "states legs do not hurt as bad" is also in the record.

The final medical report in the record is of Dr. Attar, a specialist in internal medicine and gastroenterology, who examined Taylor on November 11, 1981, at the request of the Secretary. The ALJ's opinion quotes extensively from this medical report. The ALJ's conclusion that Taylor's disability had ceased is apparently based upon the ALJ's lay deductions from the findings of this report, for the report itself is devoid of any evaluation of Taylor's complaints of back and leg pain or of his ability to work.

Dr. Attar's report was in the main of the absence of any objective symptoms—normal gait, no limitation of movement, no muscle spasm found on the occasion of the examination, etc. (The doctor did note the absence of a left Achilles jerk, and tenderness at the site of the healed operation scar), as well as the x-ray showing of minimal disc space narrowing at L5–S1 and with moderate arthritic formation at L4 and L5 of the back.) The only medical opinion by way of diagnosis or prognosis is

contained at the conclusion of the report, as follows:

"IMPRESSION"

1) Status post op Laminectomy at L5–S1.

2) Minimal degenerative disc disease at L4–L5.

3) No evidence of peripheral vascular insufficiency.

4) History of peptic ulcer disease.

"PROGNOSIS"

Good."

## IV.

The standard of judicial review in disability cases is whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1429, 28 L.Ed.2d 842 (1971); *Buckley v. Heckler, supra*, 739 F.2d at 1049 n. 3. More particularly, the issue before us is whether, according a presumption to the prior determination of disability, substantial evidence supports the Secretary's determination (a) that new evidence shows a change in the claimant's condition sufficient that (b) weighed with the facts upon which the initial disability determination was made and also with the additional evidence of continuing disability submitted by the claimant, the claimant's initial disability has now ceased. *Buckley v. Heckler, supra*, 739 F.2d 1048–49.

Tested by this standard, we are unable to conclude that the Secretary's determination of a cessation of the initially found disability is supported by substantial evidence.

The ALJ's conclusion that Taylor's disability had ceased in December 1981 is apparently based upon Dr. Attar's examination report of November 1981 and its lack of finding of continued objective symptoms on that date.[2] Without medical support in

---

2. However, pain alone can be disabling, even when its existence is unsupported by objective medical evidence, if the pain is linked to a medically determinable impairment. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir.1981);

*Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981). (Nevertheless, it is within the sound discretion of the administrative law judge to determine the disabling nature of pain, at least where the medical evidence is inconclusive as to

the record before us, the ALJ concluded that "[i]t is generally accepted in the medical profession, however, that *severe, intractable* pain will produce observable stigmata" (emphasis added), such as "weight loss" and "disuse atrophy", none of which were found "in any significant measure" in Taylor's case. Without some medical showing, we ourselves are not aware that a back condition that results in *disabling* pain upon exertion will necessarily produce these observable stigmata, if a disabled workman guards his injured back by a minimum of back movement and exertion (as here the claimant testified to doing). Thus, in *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir.1982), an ALJ's lay deduction of non-painful residual, based solely upon the lack of observable symptoms, was reversed as not supported by substantial evidence, where the medical evidence showed a basis for the claimant's complaints of pain.

The ALJ also drew adverse inferences as to the continuation of disabling pain from the circumstance that, as one of the examining physicians noted, Taylor took two aspirin tablets every four hours "with some relief", and that he had sought no further medical attention from July 5, 1979 until 1981. Without comment, the ALJ disregarded the claimant Taylor's testimony that he minimized his pain by guarded use of his back, and that he could not afford to go to doctors, especially when they could do nothing more to help him with regard to his apparently incurable condition. We are unable to hold that these lay deductions by the ALJ were based upon substantial evidence that was sufficient to raise into question the conclusions of Taylor's attending doctors, who had examined or treated the claimant Taylor over the years, to the effect that Taylor was disabled from gainful activity by reason of an apparently permanent painful residual of his 1973 back-injury and surgery therefore—at least where these doctors' conclusions are not contradicted by the only other medical report in the record.

this issue. *Jones v. Heckler,* 702 F.2d 616, 621–

*Conclusion*

We need not decide whether the presumption of Taylor's continuing disability founded upon the Secretary's prior determination of 1973 stands uncontradicted by new evidence of any substantial change of condition, *see Buckley v. Heckler, supra,* 739 F.2d at 1049–50, because, in any event, substantial evidence does not support the Secretary's determination of a cessation of disability, viewing in the light of the entire record the additional evidence now educed by both the Secretary and the claimant, in conjunction with the facts of the disabling condition upon which the initial determination of disability was made.

Accordingly, we REVERSE the Secretary's determination that the claimant's previously found disability had ceased and that his disability benefits should be terminated.

REVERSED.