Neldia J. GILL, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–4242
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 4, 1984.

Rehearing Denied Oct. 18, 1984.

Laurel G. Weir, Thomas L. Booker, Jr., Philadelphia, Miss., for plaintiff-appellant.

George L. Phillips, U.S. Atty., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Neldia J. Gill appeals the decision of the Secretary of Health and Human Services

denying her application for disability insurance benefits under the Social Security Act. *See* 42 U.S.C.A. §§ 416(c), 423 (1983). She contends that the decision was not supported by evidence and that the wrong legal standards were applied. We affirm on the basis that the claimant presented no new evidence to warrant reconsideration of her case after her previous application had been denied four months earlier.

## I.

Neldia Gill is a 42 year old woman with a tenth grade education who previously worked as an assembly line worker in a poultry processing plant, as a presser in a pants factory, and as a nurse's aide. She became disabled in 1974 because of "venous varicosities with ulcerations, left inguinal hernia, thrombophlebitis on the left extremity, high blood pressure with congestive failure, arthritis, and nervousness," and was awarded disability benefits by administrative law judge (ALJ) R. Houston Hovis. Her disability benefits were terminated in 1977 by a different ALJ, but in March 1978 were reinstated by ALJ Corwin Muse because she suffered from a depressive or anxiety neurosis. He stated that Gill "was unable to engage in any substantial gainful activity at the time she was determined to be no longer disabled for social security purposes and that her disability has continued uninterrupted through the date of this decision." In February 1982 ALJ J.L. Garner re-evaluated her condition and concluded that it had improved to the point that she could perform sedentary work, even though her physical impairments prevented her from returning to her prior work.

Gill did not appeal the 1982 decision to the district court, but filed a new application for disability benefits on June 1, 1982. Accompanying this application was a one-page handwritten note from her treating physician, Dr. Hilton Fairchild. He stated:

> [S]he was hospitalized twelve times from 1971 through 1982 with bronchitis, thrombophlebitis, pneumonia, duodenal ulcer, cervical strain, lumbo-sacral strain, arthritis, and emphysema.
>
> During the office visits in 1982 she has shown NO improvement over the previous findings. She tried to work again and was absolutely unable to do it.
>
> I feel that she continues to be totally disabled secondary to her hiatal hernia, gastritis, arthritis, hypertension, COPD, chest pains, and severe nervousness.

No medical reports or tests were submitted to support this statement.

## II.

■ Claimant bears the burden of proving that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.A. § 423(d)(1)(A) (1983). We recently held that once a claimant meets this burden and the Secretary determines that he or she is disabled, the claimant is entitled to a presumption of continuing disability; the benefits may not be terminated unless the Secretary offers additional evidence tending to rebut this presumption. *See Buckley v. Heckler*, 739 F.2d 1047, 1048 (5th Cir. 1984). The basis for this presumption is that a prior determination of disability is binding on all parties to the hearing and has a res judicata effect as to that record. *Id.* at 1048; *accord* 20 C.F.R. §§ 404.905, 416.1455 (1983).

■ A determination that claimant's disability has ceased is equally binding upon the parties and has a res judicata effect as to that record. *Id.* The Secretary determined in February 1982 that Gill's disability had ceased and that she was capable of performing other types of work. Gill filed a new application submitting no additional information to warrant re-opening her case. The note from her treating physician merely summarized the evidence in prior records.

■ There is a need for finality in the decisions of the Secretary in reviewing dis-

ability applications. The administrative system cannot accommodate repetitious pleas for assistance without some additional evidence of a changed condition or of an error in prior determination, or without some other basis to warrant such a review. *See Buckley*, at 1048. Having failed to provide such evidence here, Gill is bound by the prior, February 1982, determination that she is able to engage in substantial gainful employment.

AFFIRMED.