Marvin G. BYERLY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–2222
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1984.

---

**1144**

Donald Dewberry, Houston, Tex., for plaintiff-appellant.

Daniel K. Hedges, U.S. Atty., Linda M. Cipriani, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., Gayla Fuller, Act. Reg. Atty., Dept. of HHS, Dallas, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

We consider the appeal of Marvin G. Byerly from the judgment of the district court upholding the defendant's decision to terminate disability benefits. Finding substantial evidence to support the factual findings and no error of law, we affirm.

*Facts*

Byerly, now 60 years of age, is college-educated, with postgraduate training in business and law. He was admitted to the practice of law in 1958, at the age of 34, and continued in the active practice until March of 1978 when a heart condition forced an abatement of work. Byerly suffered from a mitral valve insufficiency. In April 1978 a replacement valve was implanted. Because of his condition and surgery, Byerly was granted social security disability benefits from March 1978 until September 1979 at which time it was administratively determined that the disabling condition had ceased. Byerly requested and was granted a hearing before an Administrative Law Judge. The ALJ upheld the termination. On administrative appeal the ALJ's decision was upheld. Byerly sought judicial review. The district court upheld the Secretary.

*Standard and Burden of Proof for Termination of Disability Benefits*

Social security disability benefits are terminable when the claimant's condition improves to the point that he is no longer disabled. *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982). *See also Crosby v. Schweiker*, 650 F.2d 777 (5th Cir.1981). When benefits are terminated, the claimant has the burden of proving the continuation of disability, id., but if the Secretary does not contest the original finding of disability, there is a presumption that the prior disability continues. As we recently held in *Buckley v. Heckler*, 739 F.2d 1047, 1049 (5th Cir.1984), *quoting Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir.1973): "once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." Accordingly, in a termination of benefits case in which the original determination of disability is not challenged, the government must present some evidence of improvement. Nevertheless, the claimant retains the ultimate burden of persuasion as to the

continuing nature of the disability if adequate proof of improvement is offered.

Byerly contends that the ALJ incorrectly imposed the burden of proof, ignoring the presumption of continuing disability. We are not persuaded. The ALJ made several references to the evidence of improvement offered by the Secretary and the ALJ questioned the credibility of claimant's assertions in light of the medical testimony. It is apparent that the ALJ found sufficient evidence of improvement to oblige Byerly to carry the burden of proof of the continuation of his claimed disability.

### Substantial Evidence to Support the Findings of Fact

■ Byerly maintains that the record does not contain substantial evidence in support of the ALJ's finding that he is presently able to engage in either light or sedentary semi-skilled work or in non-trial legal work. In August of 1979 the physician evaluated Byerly as "doing well," although complaining of "painful sternal wires." Byerly's arrythmiograph revealed no cardiac dysfunction. In September of 1979 the sternal wires were removed and the doctor noted that Byerly was "doing very well." On October 3, 1979 the sutures were removed, and the doctor's notations reflect that Byerly's condition continued to improve. Byerly was instructed to return in three months.

After October of 1979, Byerly's medical record discloses minimal chest wall pain, not related to his heart difficulties, and no evidence of congestive heart failure or arrythemia. Byerly's lungs were clear and his chest x-rays were within normal limits. An examination by an internist in May of 1980 showed Byerly to be a well developed, well nourished person with no distress, having a normal pulse and normal blood pressure. The examination revealed no evidence of cardiomegaly, heart murmer, abnormal heart rhythms, edema, or any other active disease. Byerly demonstrated excellent exercise tolerance; he had experienced no difficulties with an active rehabilitation program of walking and jogging. A psy-

chiatric evaluation ordered by the ALJ revealed a mild to moderate degree of neurotic depression of a non-disabling type which did not affect Byerly's ability to perform light or sedentary work. A vocational expert attested to the availability of numerous jobs a person with Byerly's skills and physical limitations could perform. Taken together, there is substantial evidence to support the ALJ's finding that Byerly's disability ceased in September 1979.

Byerly next argues that the ALJ ignored the diagnosis of anxiety neurosis in his determination of disability. The record does not support this assignment of error. The ALJ specifically referred to this psychiatric difficulty but concluded that it did not prevent Byerly from engaging in light sedentary work permitted by his exertional limitation.

Byerly's final argument is that the ALJ failed to order suggested psychological tests and examinations. He errs; these tests were in fact ordered and the results were used by the ALJ in his determination of the non-exertional impairments. We find no merit in any of the asserted bases of error.

The judgment of the district court is AFFIRMED.