**Jose GONZALEZ, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–1588 (JAF).**

United States District Court, D. Puerto Rico.

Nov. 7, 1988.

Néstor Colón O'Neill, Cidra, P.R., for plaintiff.

José Blanco, Asst. U.S. Atty., Daniel López Romo, U.S. Atty., San Juan, P.R., for defendant.

REMAND ORDER

FUSTE, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services denying plaintiff disability insurance benefits.

Plaintiff, a forty-two year-old male, filed an application for a period of disability and

---

for disability insurance benefits on June 14, 1984 alleging an inability to work since January 1, 1982, due to back and mental impairments. Plaintiff's claim was denied at all administrative levels. However, the Appeals Council remanded the case for consideration under the new regulations issued pursuant to the Social Security Disability Benefits Reform Act of 1984. The Administrative Law Judge ("ALJ") considered the case *de novo* and concluded that plaintiff had the residual functional capacity to perform certain types of moderate work, such as Hand Cementer, Hand Packager, and Bagger.

Plaintiff's disability insured status expired on June 30, 1984, and, therefore, plaintiff was required to offer proof that he suffered from a disabling impairment of sufficient severity during the period of time ending with this date and beginning January 1, 1982. *Sampson v. Califano*, 551 F.2d 881, 882 (1st Cir.1977). Plaintiff claims that the results of certain medical evaluations conducted after the expiration date constitute proof of his disability during the insured period and that the ALJ failed to give adequate consideration to these post-insured evaluations. To this end, plaintiff cites *Deblois v. Secretary of Health*, 686 F.2d 76 (1st Cir.1982).

*Deblois* involved a *pro se* plaintiff claiming mental disability who offered evidence of a post-insured psychiatric evaluation. The First Circuit observed that because of plaintiff's "readily apparent serious mental disorder ... the ALJ had a duty which has not been adequately discharged to develop the record of the etiology of the illness, its course, and its severity." This duty, moreover, required the ALJ to ask the experts who had examined plaintiff whether "they were able to express an opinion as to whether plaintiff suffered from mental illness of disabling severity while on insured status...." *Deblois v. Secretary of Health*, 686 F.2d at 81.

This court is of the opinion that the considerations expressed in *Deblois* are relevant to the case at hand. Here, the record indicates that after the insured period expired, plaintiff underwent a number of medical tests which revealed for the first time that he had a herniated disc in his back.[1] The ALJ, however, found that "[t]he fact that ... the results of subsequent clinical tests may corroborate the existence of a condition at the time the claimant was last insured, cannot be construed as evidencing the existence of a severe and disabling impairment during the period in question." (Tr. at 18).

We feel the post-insured examinations should have put the ALJ on notice that plaintiff may in fact have had a herniated disc during the time in question. Consequently, the ALJ was under a duty to evaluate plaintiff's disability in light of such evidence and, if necessary, to elicit further findings from the examining physicians as to their opinions, if any, regarding the severity of plaintiff's condition during the insured period. *See Id.; see also Alcaide v. Secretary of Health and Human Services*, 601 F.Supp. 669 (D.P.R.1985).

After carefully considering the record as a whole, we cannot conclude that the ALJ fully considered these post-insured evaluations for their evidentiary value in relation to plaintiff's condition during the period of coverage. Therefore, the case is hereby REMANDED with instructions to the Secretary to evaluate—and if necessary develop—such evidence together with all the other evidence at hand, and conclude whether or to what extent plaintiff was able to engage in substantial gainful activity from January 1, 1982 to June 30, 1984.

IT IS SO ORDERED.

---

1. Plaintiff claims that this diagnosis was delayed beyond the expiration date because the medical tests necessary to establish and confirm the condition were not available at the facilities where plaintiff, as an economically deprived individual, was forced to seek treatment for his ailments.