**Alma McCARVER, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES OF the UNITED STATES of America, Defendant.**

**No. 88–1051.**

United States District Court, C.D. Illinois.

Feb. 15, 1989.

Jeff Rock, Peoria, Ill., for plaintiff.

K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for defendant.

## ORDER

MIHM, District Judge.

Plaintiff is a 56 year old woman who is 5′ 1″ tall and weighs 93 pounds. She has a sixth grade education with no vocational or job training since she left school. She is unable to read or write and cannot do simple arithmetic. Her past relevant work consisted of her employment at Caterpillar for the last 15 years, cleaning offices and doing other janitorial work.

In 1979 Plaintiff was knocked to the ground in the parking lot of the Caterpillar plant where she was employed as a janitor. Plaintiff's coccyx was later removed and Plaintiff was subsequently treated for an infection of that surgical wound. On October 9, 1981 Plaintiff was diagnosed as having left ulnar nerve compression at the elbow but on September 27, 1982 the symptoms were re-diagnosed and a resection of Plaintiff's first rib was performed on October 1, 1982.

Plaintiff filed a claim for disability on June 24, 1983, alleging an onset date of disability of July 3, 1980 due to arthritis of the spine and the rib removal. The claim was denied upon initial consideration and Plaintiff did not appeal that denial.

On November 14, 1986, Plaintiff applied for Social Security Disability Insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. Plaintiff was insured for purposes of Title II disability benefits until December 31, 1985 when her insured status ended.

Plaintiff now seeks judicial review of the Secretary's final decision finding that she was not disabled. The Secretary had denied benefits because the evidence disclosed no impairment or combination of impairments that would have prevented Plaintiff's return to her past relevant work as of her last insured date. Plaintiff now seeks a finding that the Secretary's decision was not supported by substantial evidence.

■ Generally where a claimant has failed to appeal an earlier determination that she was not disabled, she is barred from arguing under a later application that she was disabled before the date of the

earlier decision. *Meredith v. Bowen*, 833 F.2d 650, 653 at n. 2 (7th Cir.1987). *See, Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988); *Holland v. HHS*, 764 F.2d 1560 (11th Cir.1985); *Bagby v. Harris*, 650 F.2d 836 (6th Cir.), *cert. denied*, 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981); *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981); *Sampson v. Califano*, 551 F.2d 881 (1st Cir.), *cert. denied*, 434 U.S. 854, 98 S.Ct. 171, 54 L.Ed.2d 124 (1977); *Janka v. HEW*, 589 F.2d 365 (8th Cir.1978). Thus, in this case Plaintiff was precluded from arguing that she was disabled before August 8, 1983.

Some courts have held that a prior denial of disability status creates a presumption of continuing ability. *See, Brawner*, supra; *Cullotta*, 662 F.Supp. 1161 (N.D.Ill. 1987). At the very least, however, most courts require that a claimant with a prior finding of not disabled must show evidence of changed circumstances, or that the impairment has become more severe, or that the claimant has become disabled because of some new injury since that date. *Godsey v. Bowen*, 832 F.2d 443 (7th Cir.1987). *See also, Gill v. Heckler*, 740 F.2d 396 (5th Cir.1984); *Haynes v. HHS*, 734 F.2d 284 (6th Cir.1984).

 The medical evidence and testimony must show a condition rendering the claimant disabled on or before the date her insured status expired. *Meredith v. Bowen*, 833 F.2d 650, 652 at n. 1 (7th Cir.1987); *See also, Jeralds v. Richardson*, 445 F.2d 36, 38–9 (7th Cir.1971). It is not sufficient to show a non-disabling condition which later worsens into a disability. The disability must exist as a disability by the last insured date. *Reading v. Mathews*, 542 F.2d 993, 997 (7th Cir.1976).

 Although there is a great deal of evidence explicitly or implicitly in the record which seems to indicate that Plaintiff's capacity for work may indeed be minimal, there is nothing in the record which indicates that she sought any medical attention between June 20, 1983 (the date of the first unappealed denial of benefits) and December 31, 1985, when her insured status ended. The medical evidence relating to Dr. Francisco Juco's medical examination occurred after the termination of Mrs. McCarver's insured status. Nowhere in that report is any reference made to Plaintiff's condition as of December 31, 1985. In addition, the narrative report of Dr. Richard Flores does not contain an estimate or description of Plaintiff's condition as of her last insured date, a year earlier than the examination.

Plaintiff failed to introduce evidence showing an impairment which had reached disabling proportions on or before December 31, 1985. No medical evidence in the record dates from the period of Plaintiff's eligibility for benefits, August 8, 1983 to December 31, 1985. What new evidence there is in the record dates from a year or more after the expiration of Plaintiff's insured status and does not refer to any estimate of the Plaintiff's condition at the time her insured status expired. In addition, Plaintiff herself gave no testimony to the effect that her condition worsened after 1983 or before 1985.

In short, Plaintiff has presented no evidence whatsoever of changed circumstances or an increase in the severity of her symptoms after August 8, 1983 which would have rendered her disabled on or before December 31, 1985. The Secretary's decision that she was not disabled as of her last insured date is supported by substantial evidence. Accordingly, the Secretary's Motion for Affirmance is GRANTED and the Plaintiff's Motion for Summary Reversal is DENIED.