Bonnie **ALFORD**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. 1:90CV00200.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 2, 1990.

---

Brent W. Coon, Umphrey, Eddins & Carver, Beaumont, Tex., for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On July 1, 1977, Bonnie Alford shot her husband in the head, killing him. Mrs. Alford was subsequently convicted of the charge of voluntary manslaughter, following a plea of *nolo contendre.* Johnny Alford, the said husband, was covered by the Social Security Act during his lifetime.

For nearly nine years, beginning 1981, Mrs. Alford has sought widow's benefits from the Social Security Administration (Administration) under Title II of the Social Security Act (Act), 42 U.S.C.A. § 405 *et seq.* This quest for benefits by the self-made widow has included four original claims, four motions for reconsideration of original claims, three requests to be heard by an administrative law judge, and two appeals to the Social Security Administration Appeals Council.

The Social Security Administration, by the various agents of the defendant, Secretary Louis W. Sullivan, M.D. (Secretary), denied all thirteen (13) of these mirror-image attempts by Mrs. Alford to receive benefits. It is only from the most recent adverse ruling by the Secretary, rendered nearly nine years after the first claim·was denied, that Mrs. Alford and her new lawyer have chosen to appeal this matter to a United States District Court.

The current procedural posture of the case is that the Secretary has filed a motion to dismiss Mrs. Alford's complaint and Mrs. Alford has filed a motion to amend her original complaint to add a mandamus claim directly to the Secretary to release her application. As will be explained below, the Secretary's motion to dismiss is granted and Mrs. Alford's motion to amend is denied.

The Secretary has moved for dismissal for lack of subject matter jurisdiction because Mrs. Alford has not appealed a "final decision" of the Secretary, as required by § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). Judicial review of adverse decisions by the Secretary of claims arising under Title II of the Social Security Act is governed solely by § 205(g) of the Act. 42 U.S.C.A. § 405(h); *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Mathews v. Aldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Sec. 205(g) provides for judicial review only of a "final decision of the Secretary made after a hearing." Here, the Secretary dismissed Mrs. Alford's request for a hearing. Such a dismissal is not a "final decision of the Secretary made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). As a consequence, this court lacks

subject matter jurisdiction to hear this appeal.

▪ Similarly, the Secretary's (administrative law judge's) decision to dismiss Mrs. Alford's claim without a hearing is not subject to review by this court. The regulations promulgated by the Secretary provide for such disposition where:

[t]he doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action;

20 C.F.R. § 404.957(c)(1) (1990). The propriety of administrative *res judicata* in this circumstances is well settled. *See United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642 (1966). Mrs. Alford's attempt to breathe new life into her nine-year-old claim by filing it for a fourth time and then attempting to appeal only this latest claim to the district court is a tactic which has been specifically prohibited by the Supreme Court. *See Califano v. Sanders, supra. See also Gill v. Heckler,* 740 F.2d 396, 397–398 (5th Cir.1984); *Green v. Weinberger,* 500 F.2d 203, 205 (5th Cir. 1974).

▪ In cases such as this, where duplicative claims are present, the Secretary will treat the later application as a request for reopening of the prior determination or decision. Such was the disposition here. Generally, a decision by the Secretary not to reopen the prior determination is not reviewable by the courts. *Califano v. Sanders,* 430 U.S. at 108, 97 S.Ct. at 986; *Cherry v. Heckler,* 760 F.2d 1186, 1189 (11th Cir.1985); *Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983).

In consideration of the above, the Secretary's motion to dismiss is GRANTED.[1]

▪▪ Mrs. Alford has also filed a motion to amend her complaint. She wishes to add a mandamus claim, no doubt in response to the Secretary's preemptive discussion of the claim in his brief in support of his motion to dismiss. The mandamus action, 28 U.S.C.A. § 1361, is appropriate only where the plaintiff has exhausted all other avenues of relief and only if the defendant owes her a clear non-discretionary duty. *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Here, the Secretary's refusal to furnish Mrs. Alford with an additional, more recent final decision from which to appeal was discretionary (and also intelligent). Accordingly, Mrs. Alford's motion to amend her complaint in order to add a mandamus claim is DENIED.

▪ This court holds that a Social Security benefits dispute such as this does not require fourteen separate resolutions. However, Mrs. Alford and her counsel heretofore have been unwilling to take "no" for an answer, but must do so now. This appeal is untimely, frivolous and patently without merit. Mrs. Alford's counsel has failed to cite a single case in support of this appeal. Mrs. Alford's attorney cannot make a good faith argument for the extension, modification or reversal of existing law without citing *any* law to the contrary. The Social Security statute itself was miscited. There are no cases or statutes which would even colorably support Mrs. Alford's recovery of benefits under the circumstances. This court finds this is one of the rare instances in which sanctions provided for by Rule 11, Fed.R.Civ.P. should be imposed *sua sponte.* A hearing will be held in the near future to determine an appropriate remedy. This meritless, baseless, vexatious pursuit of benefits has needlessly burdened the Executive Branch for nine years. The Judicial Branch will not be similarly afflicted by Mrs. Alford and her

---

**1.** This court further finds that the record, considered as a whole, contains "substantial evidence" which supports the Secretary's decision to deny widow's benefits to Mrs. Alford. *See* Social Security Act, 42 U.S.C.A. § 405(g); *Pierre v. Sullivan,* 884 F.2d 799 (5th Cir.1989). The court takes special note of and specially approves of the well-reasoned opinion of Administrative Law Judge Biesman rendered on October 29, 1984.