Isiah **LOVINGS**

v.

**COMMISSIONER SSA.**

No. 9:95–CV–248.

United States District Court, E.D. Texas, Lufkin Division.

Dec. 26, 1995.

---

Jennifer Louise Fry, Morgan & Weisbrod, Dallas, TX, for plaintiff.

Steven MacArthur Mason, Asst. U.S. Attorney, U.S. Attorney's Office, Tyler, TX, Joseph B. Liken, Social Security Administration, Acting Chief Counsel Region VI, Dallas, TX, for defendant.

## ORDER

HANNAH, District Judge.

CAME ON FOR CONSIDERATION the above-styled and numbered civil action, the court having heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge at Beaumont, Texas, for proper consideration pursuant to applicable laws and orders of this court; and the court having received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence, it is found that the findings of fact and conclusions of law of the magistrate judge are correct, and such findings are **ADOPTED** as the findings and conclusions of this court. It is therefore

**ORDERED** and **ADJUDGED** that plaintiff's Motion to Remand is **GRANTED** and this case is **REMANDED** to the defendant Secretary for further proceedings. The Secretary should reconsider plaintiff's claim in light of the Department of Veteran's Affairs rating determination.

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS MOTION TO REMAND

HINES, United States Magistrate Judge.

Pending is plaintiff's October 20, 1995 "Motion to Remand" to the Secretary for further administrative action. Plaintiff seeks reconsideration of his claim in light of a rating decision by the Department of Veter-

ans Affairs dated April 1, 1995 declaring plaintiff entitled to a nonservice-connected disability pension. Defendant has not responded to the motion.

A court may "at any time order additional evidence be taken before the Secretary, but only upon a showing that there us new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). There clearly is good cause for failure to present this evidence at the administrative level, as hearings were held on November 26, 1990 and June 14, 1993 but the VA rating decision was not released until 1995. With respect to materiality, the Fifth Circuit has adopted the standard of "reasonable possibility that [the evidence] would have changed the outcome of the Secretary's determination."[1] The document that plaintiff seeks to have considered is plainly relevant to the current application for disability benefits, as it documents the evidence utilized by the Department of Veterans Affairs in its determination of disability.

Yet the court need not rely on generalizations to find that remand is proper. In *Latham v. Shalala,* 36 F.3d 482 (5th Cir. 1994), the Fifth Circuit dealt with the very issue of whether a district court should remand a case for further administrative proceedings when a claimant seeks to introduce a Veterans Affairs rating decision unavailable at the time of administrative hearings. The Fifth Circuit, reversing the district court, held that in such a situation materiality and good cause requirements are satisfied and the district court should remand for administrative consideration of the new evidence.

### I. Recommendation

Plaintiff's motion to remand should be granted. The Secretary should reconsider plaintiff's claim in light of the Department of Veteran's Affairs rating determination.

### II. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may

---

**1.** *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981); *see also Gill v. Heckler,* 740 F.2d 396 (5th Cir.1984). This standard is somewhat more lenient than that adopted in other circuits. *See* HARVEY L. MCCORMICK, SOCIAL SECURITY CLAIMS AND PROCEDURES § 754, at 332 (1991).

serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988).

SIGNED this 28 day of November, 1995.