**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20900
Summary Calendar

PAMALA D. BURGIN,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-645)

April 15, 1997

Before POLITZ, Chief Judge, JONES AND SMITH, Circuit Judges.

PER CURIAM:[*]

Pamala Burgin appeals an adverse judgment granting the Commissioner's

motion for summary judgment and affirming her decision respecting Burgin's

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

February 1992 application for Supplemental Security Income benefits under Title XVI of the Social Security Act and refusing to reopen a prior decision denying disability benefits under Title II of the Social Security Act. Burgin contends that the Commissioner erred in failing to: (1) consider her application for disability benefits as a concurrent claim under Title II and Title XVI; and (2) process her application in accordance with new guidelines requiring consideration of an onset date of disability prior to the date of the SSI application. Remand is necessary, Burgin maintains, for consideration of the report of a physician establishing an earlier disability onset date.

Burgin concedes that her insured status, and thus eligibility for Title II benefits, expired during the period between September 30, 1991 and December 31, 1991, prior to the date of a final decision denying her previous Title II application. A prior determination of nondisability is "binding on all parties to the hearing and has a *res judicata* effect as to that record."[1] Although the Commissioner may reopen a prior application under some circumstances, the decision denying a petition to reopen is not reviewable by this court except to the extent that the appeal

---

[1]**Gill v. Heckler**, 740 F.2d 396, 397 (5th Cir. 1984); see **Thibodeaux v. Bowen**, 819 F.2d 76 (5th Cir. 1987).

raises a colorable constitutional question.[2]  Burgin has not raised a colorable constitutional question but, rather, merely attempts to circumvent the nonappealability of the Commissioner's decision denying her petition to reopen the Title II application.  Accordingly, the district court's judgment affirming the Commissioner's decision is AFFIRMED.

---

[2]**Torres v. Shalala**, 48 F.3d 887 (5th Cir. 1995) (citing **Califano v. Sanders**, 430 U.S. 99 (1977)).